UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SYBIL FAYE BROUSSARD | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 22-2946 |
| | * | |
| QBE SPECIALTY INSURANCE COMPANY | * | SECTION: "M" (3) |

**ORDER AND REASONS**

The Plaintiff, Sybil Faye Broussard, filed a "Motion for Discovery Sanctions"[1] against the Defendant, QBE Specialty Insurance Corporation ("QBE"). QBE filed an opposition.[2] Ms. Broussard filed a reply.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

This is an insurance coverage dispute arising out of property damage sustained during Hurricane Ida. The lawsuit was filed in June 2022 and removed to this Court in August 2022.[4] In October 2022, QBE produced its initial disclosures, which included nearly 2,000 pages of documents.[5] The production did not include

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 28.

[3] Rec. Doc. 32.

[4] Rec. Doc. 1.

[5] Rec. Doc. 28 at 1.

1

QBE's Claims Handling Guidelines and certain materials from QBE's intranet.[6] QBE maintains the omission was an inadvertent oversight that occurred during a transition in counsel.[7] QBE ultimately produced the Claims Handling Guidelines before any QBE witnesses were deposed.[8] With respect to the intranet documents, QBE recognizes that the materials should have been produced earlier in this case, but also notes that Ms. Broussard's counsel had access to these materials because QBE had produced them in other cases in which the same attorneys were involved.[9]

QBE's initial disclosures also required supplementation because they did not include some of the photographs taken by QBE's expert. QBE explains that these photographs were not produced earlier because QBE was unaware of their existence.[10] Once notified that the expert had additional photographs, QBE produced them, and Ms. Broussard's counsel used them during the expert's deposition.[11]

Rule 37 authorizes sanctions against a party that violates a discovery order:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or

---

[6] *Id.* at 4.

[7] *Id.* at 2, 4. The record does not support the conclusory allegation that QBE "did not want counsel for Plaintiff to be able to use [documents] in discovery." Rec. Doc. 26-1 at 2.

[8] *Id.* at 4.

[9] *Id.* This fact counsels against any inference that the omission in this case was intentional.

[10] *Id.* at 8.

[11] Rec. Doc. 28-10 at 2-3.

> 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. Pro. 37(b)(2). Sanctions under this rule must be both just and "related to the particular claim which was at issue in the order to provide discovery." *CEATS, Inc. v. TicketNetwork, Inc.,* 71 F.4th 314, 324 (5th Cir. 2023) (quotation omitted).[12]

Ms. Broussard requests sanctions on the basis that QBE improperly withheld documents in violation of the Case Management Order.[13] That request lacks merit. The Case Management Order contemplates that a party's initial disclosures will be subject to supplementation based on documents that come to light as the case

---

[12] Litigation-ending sanctions are subject to a heightened standard. Before imposing a sanction that would terminate the litigation, "The district court must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *See CEATS*, 71 F. 4th at 324 (quotation omitted).

[13] Rec. Doc. 26-1 (citing Rec. Doc. 10).

develops. Thus, for example, the Order instructs: "Additionally, 15 days before the scheduled mediation, the parties shall provide a supplemental disclosure, including any documents whose disclosure would have been required under the Initial Disclosure requirements that have come to light since the case was filed."[14] Similarly, the Case Management Order's discovery protocol reminds parties to comply with the duty to supplement set forth in Rule 26(e) of the Federal Rules of Civil Procedure.[15] By taking responsibility for the inadvertent omissions in its discovery responses and supplementing them, QBE has complied with those requirements, and Ms. Broussard has identified no prejudice that resulted from QBE's delay.

Ms. Broussard also seeks sanctions based on the "evasiveness" of one of QBE's interrogatory responses, but she never filed a motion to compel relative to that response.[16] Further, the document that Ms. Broussard contends should have been identified or discussed in the interrogatory response was included in QBE's initial disclosures.[17] The record does not support the suggestion that QBE withheld information in its interrogatory response to secure a "gotcha" [18] moment by using the document at Ms. Broussard's deposition.

---

[14] Rec. Doc. 10 at 3.

[15] *Id.* at 14.

[16] Rec. Doc. 26-1 (citing Rec. Doc. 26-2 at 4, Interrogatory No. 3); *see* Fed. R. Civ. Pro. 37(a)(4) (instructing that an evasive answer should be treated as a failure to respond). Ms. Broussard also contends that QBE's interrogatory answer is inconsistent with certain deposition testimony. This contention goes to issues the merits and credibility, neither of which are at issue in the pending motion.

[17] Rec. Doc. 28 at 6 n.15.

[18] *See* Rec. Doc. 26-1 at 4.

The Court notes that much of QBE's opposition memorandum is dedicated to attacks on the sufficiency and timeliness of Ms. Broussard's own discovery responses. The Court will not address these arguments because they are not within the scope of the pending motion.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's "Motion for Discovery Sanctions Against QBE Specialty Insurance Company"[19] is **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2024.

　　　　　　　　　　　　　　　　　　Eva J. Dossier
　　　　　　　　　　　　　　United States Magistrate Judge

---

[19] Rec. Doc. 26.